23-6849                                                                                                                    BIA
Dong v. Bondi                                                                                              A077 993 626

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day July, two thousand twenty-five.

PRESENT:
>           DEBRA ANN LIVINGSTON,
>                   *Chief Judge,*
>           BETH ROBINSON,
>           MYRNA PÉREZ,
>                   *Circuit Judges.*

_____

LI PING DONG,
>           *Petitioner,*

>           v.                                                                             **23-6849**
>                                                                                              NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

**FOR PETITIONER:**     Margaret W. Wong, Margaret W. Wong & Associates, Cleveland, OH.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Matthew B. George, Senior Litigation Counsel; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Ping Dong seeks review of a July 3, 2023, decision of the BIA denying her third motion to reopen her removal proceedings. *In re Li Ping Dong,* No. A077 993 626 (B.I.A. July 3, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion, underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), and constitutional claims and questions of law de novo, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

There is no dispute that Dong's motion to reopen was untimely and number-barred because it was her third motion, and she filed it 17 years after her removal order became final. *See* 8 U.S.C. §§ 1229a(c)(7)(A) (allowing one motion

2

to reopen), (C)(i) (setting 90-day deadline).   And her motion did not fall into a statutory or regulatory exception to the time and number limitations.   *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same).

Dong invokes the doctrine of equitable tolling to overcome the time and number bars.   Before a court can exercise its discretion to apply equitable tolling, a litigant must establish "that some extraordinary circumstance" stood in the way of timely action and that the litigant has pursued their rights "diligently."   *Doe v. United States*, 76 F.4th 64, 71 (2nd Cir. 2023).[1]   The agency did not err in concluding that Dong had failed to establish the first of these two elements—an extraordinary circumstance that prevented her from moving to reopen sooner.   Here, Dong was not wrongly prevented from applying for cancellation of removal in her underlying proceedings or in a timely motion to reopen because she did not become eligible for that relief until years after her removal proceedings concluded. Dong is correct that *Niz-Chavez v. Garland* clarified that she continued to accrue physical presence in the United States after service of the notice to appear because the notice omitted a hearing date.   593 U.S. 155, 161 (2021).   But because she

[1]   In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

3

entered the United States in 2001, and she only married a U.S. citizen and gave birth to a U.S. citizen child in 2012, she would not have had the required ten years of presence nor the qualifying U.S. citizen relatives before her removal order became final in 2004 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A). Because Dong failed to demonstrate that her untimely filing was caused by extraordinary circumstances, as required to warrant equitable tolling, there is no merit to her argument that the BIA erred by not considering the second factor in the equitable tolling analysis—whether she acted diligently in moving to reopen. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We do not reach that determination because, as the Government argues, Dong has not challenged it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4